IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

TONY HICKMAN, )
#B-87476, )
)
    Plaintiff, )
) Case No. 17−cv–939−JPG
vs. )
)
WEXFORD HEALTHCARE SOURCES, )
VIPIN SHAH, and )
PHIL MARTIN, )
)
    Defendants.

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Tony Hickman, an inmate in Robinson Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights. In his Complaint, Plaintiff claims the defendants have been deliberately indifferent to his serious medical issues in violation of the Eighth Amendment. (Doc. 1). This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>   (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>   (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact."

1

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to allow this case to proceed past the threshold stage.

## **The Complaint**

In his Complaint (Doc. 1), Plaintiff makes the following allegations: on April 28, 2016, Plaintiff injured his wrist and began to experience severe pain and swelling. (Doc. 1, p. 6). Plaintiff went to health care and received a wrap and ibuprofen. *Id.* On May 6, 2016, Plaintiff returned to health care for X-rays. *Id.* The X-rays showed that he "had a fracture in the mid-pole of the scaphoid" in his wrist. *Id.* On May 27, 2016, he was put in a soft cast. *Id.* On June 27, 2016, he again received X-rays, and the fracture was still visible. *Id.* "Dr. Shah knew [Plaintiff] was in continued pain and that [his] wrist was not healing properly." *Id.* Plaintiff received another X-ray on August 19, 2016. *Id.* On August 29, 2016, Dr. Shah created a report that stated Plaintiff's wrist injury was not urgent despite his knowledge that Plaintiff was in pain and that his wrist was not healing properly. *Id.* On September 12, 2016, Plaintiff was approved by Dr. Ritz for surgery on his wrist. *Id.*

On October 5, 2016, Plaintiff was sent to the Carle Physician Group Ortho Clinic for a

consult. *Id.* Wexford Healthcare never forwarded Plaintiff's X-ray results to Carle hospital. *Id.* On October 21, 2016, Plaintiff had surgery on his wrist. *Id.* He went to a follow-up in January 2017, during which Dr. Sobeski, who did the procedure, told him that his wrist was not healing properly and would require a second surgery. (Doc. 1, pp. 6-7). Dr. Shah "knew of the pain [Plaintiff] was having with [his] wrist as [his] pain medication went from 200mg to 600mg." (Doc. 1, p. 7). Plaintiff's wrist has been in continuous pain for over a year, and it has limited mobility. *Id.* Despite this, Plaintiff was told that he would have to wait 12-24 months for another surgery. *Id.*

Wexford "has a policy and procedure in its own handbook for 'cost considerations'" encouraging its employees to "stay away from expensive medications, MRIs, CT-scans, and surgeries because it is on a budgeted bid with" the Illinois Department of Corrections ("IDOC"). *Id.* These doctors within Wexford are incentivized by Wexford to stay under this "budget." *Id.*

The continued problems with Plaintiff's wrist could have been avoided with proper treatment. (Doc. 1, pp. 7-8). "Dr. Shah and Phil Martin the Healthcare Administrator clearly knowing of the fracture to [his] wrist yet waiting several months to have it treated was deliberate indifference to a serious medical need." (Doc. 1, p. 8). Phil Martin "was directly involved in this suit as he gave the approval months later to have [Plaintiff] sent to Carle Ortho." *Id.*

Plaintiff requests monetary damages and "to have the right treatment/surgery to have [his] wrist fix[ed]." (Doc. 1, p. 9).

## Discussion

Based on the allegations of the Complaint, the Court finds it convenient to designate a single count in this *pro se* action. The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The

designation of this count does not constitute an opinion regarding its merit.

>**Count 1 –** Defendants showed deliberate indifference to Plaintiff's serious medical need involving a broken wrist and pain associated therewith in violation of the Eighth Amendment.

As discussed in more detail below, Count 1 will be allowed to proceed past threshold. Any other intended claim that has not been recognized by the Court is considered dismissed without prejudice as inadequately pleaded under the *Twombly* pleading standard.

As to Count 1, a prisoner raising a claim for deliberate indifference to the prisoner's serious medical needs must satisfy two requirements. The first requirement compels the prisoner to satisfy an objective standard: "[T]he deprivation alleged must be, objectively, 'sufficiently serious[.]'" *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). The second requirement involves a subjective standard: "[A] prison official must have a 'sufficiently culpable state of mind,'" one that amounts to "'deliberate indifference' to inmate health or safety." *Id.* (quoting *Wilson*, 501 U.S. at 297). Liability under the deliberate-indifference standard requires more than negligence, gross negligence or even recklessness; rather, it is satisfied only by conduct that approaches intentional wrongdoing, *i.e.*, "something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer*, 511 U.S. at 835.

Plaintiff has satisfied the objective component of his deliberate indifference claim given his broken wrist and the continuous pain he has been experiencing. With respect to the subjective component, Plaintiff has alleged that Shah and Martin knew of the break in his wrist and the pain it was causing him but delayed treatment of it as if it were not urgent. He also claims that he will have to wait 12 to 24 months to have another surgery though it has been established that he needs it. Construing these allegations in Plaintiff's favor due to the early

stage of this litigation, the Court considers Plaintiff to have satisfied the subjective deliberate indifference component as to Shah and Martin, and Count 1 will proceed against them.

With respect to Wexford, the Seventh Circuit has held that the *Monell* theory of municipal liability applies in § 1983 claims brought against private companies that act under color of state law. *Whiting v. Wexford Health Sources, Inc.*, 839 F.3d 658, 664 (7th Cir. 2016) (citing *Shields v. Ill. Dept. of Corr.*, 746 F.3d 782 (7th Cir. 2014) (noting every circuit court that has addressed the issue has extended the *Monell* standard to private corporations acting under color of state law). In order to prevail on this claim against Wexford, Plaintiff must establish that its policies, customs, or practices caused a constitutional violation. *Whiting*, 839 F.3d at 664 (citing *Thomas v. Cook Cty. Sheriff's Dept.*, 604 F.3d 293, 303 (7th Cir. 2009)). Construing Plaintiff's Complaint liberally, he alleges that Wexford maintains a policy and practice that favors cost cutting over expensive treatments including surgery, which contributed and potentially continues to contribute to the delay and avoidance of the surgeries necessary for the proper treatment of Plaintiff's wrist. Count 1 shall therefore receive further review against Wexford.

### **Pending Motions**

Plaintiff has filed a Motion for Recruitment of Counsel (Doc. 3) which is **REFERRED** to a United States Magistrate Judge for a decision.

Plaintiff's Motion for Service of Process at Government Expense (Doc. 4) is **DENIED** as moot. Waivers of service of summons will be issued and served on the defendants as ordered below. Plaintiff is advised that it is not necessary for a litigant proceeding *in forma pauperis* to file a motion requesting service of process by the United States Marshal Service or other process server. The Clerk will issue summons and the Court will direct service for any complaint that

passes preliminary review.

## Disposition

**IT IS HEREBY ORDERED** that **COUNT 1** shall **PROCEED** against **SHAH**, **MARTIN**, and **WEXFORD HEALTHCARE SOURCES**.

**IT IS FURTHER ORDERED** that as to **COUNT 1**, the Clerk of Court shall prepare for **SHAH**, **MARTIN**, and **WEXFORD HEALTHCARE SOURCES**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each defendant's place of employment as identified by Plaintiff. If any defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, the defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings. Further, this entire matter shall be

**REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, despite the fact that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**
**DATED: October 26, 2017**

*s/J. Phil Gilbert*
**U.S. District Judge**