**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**


**TONY HICKMAN,**

      **Plaintiff,**

**v.**

                              **No. 17-cv-939-DRH-RJD**

**WEXFORD HEALTHCARE SOURCES,**
**VIPIN SHAH, and PHIL MARTIN,**

      **Defendants.**


## MEMORANDUM and ORDER

**HERNDON, District Judge:**

### I.    Introduction

Pending before the Court is a June 1, 2018 Report and Recommendation ("the Report") issued by Magistrate Judge Reona J. Daley. (Doc. 44). Judge Daley recommends that the Court deny both Defendants Shah and Wexford's Motion for Summary Judgment for Plaintiff's Failure to Exhaust Administrative Remedies (Doc. 35) and Defendant Martin's Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies. (Doc. 39). The parties were allowed time to file objections to the Report and on June 18, 2018, Defendants Shah and Wexford and Defendant Martin filed objections. (Doc. 46, 47). Based on the applicable law, the record and the following, the Court **ADOPTS** the Report in its entirety.

### II.    Background

On September 1, 2017, Plaintiff Hickman commenced this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Plaintiff is proceeding on the following claim:

> **Count 1** - Defendants showed deliberate indifference to Plaintiff's serious medical needs involving a broken wrist and pain associated therewith in violation of the Eighth Amendment.

Plaintiff asserts that he exhausted his administrative remedies when he filed a grievance concerning the treatment of his wrist on February 21, 2017. Plaintiff's grievance states:

> On 4-28-16, I was playing handball and injured my wrist which resulted in swelling and a fracture in my wrist. I went to healthcare on 4-28-16 and was given an ace wrap and ibuprofen. On 5-2-16, I want back to healthcare and was prescribed more ibuprofen. This grievance is for failure to provide adequate medical care and delaying treatment for the injury because surgery wasn't provided until 10-21-16.

(Doc. 42, p. 14).

Plaintiff's grievance further provides that that he was told that he will need a second surgery because his wrist was not healing properly. He grieves that he is still suffering from a wrist fracture that was not properly treated from the beginning because Dr. Shah did not put in a request for Plaintiff to go to Carle Ortho until August 29, 2016 and Wexford did not send him to have his wrist examined by an orthopedic physician until October 5, 2016. Plaintiff alleges that the delay in treatment caused his wrist not to heal properly even after surgery.

On February 24, 2017, a Counselor responded to Plaintiff's grievance stating that he spoke with the health care unit and Dr. Shah was treating the

Plaintiff and following the recommendations from Carle Ortho. On March 1, 2017, the Grievance Officer recommended the denial of Plaintiff's grievance because Dr. Shah referred the offender to outside screening at Carle Clinic and Dr. Shah was using the treatment plan designed by Carle medical staff. The report notes the offender is not being denied medical care and the department has no control over the length of time it takes for the offender to heal from an injury. On March 2, 2017, the CAO concurred with the Grievance Officer's report. Plaintiff then appealed the denial of his grievance and the ARB returned the grievance on July 10, 2017 because it was not submitted within the timeframe outlined in Departmental Rule 504. The ARB concluded that the grievance was regarding the delay in treatment from April 2016 to October 2016 and filing the grievance on February 21, 2017 was outside the 60-day timeframe.

### III. Applicable Law

**A. Summary Judgment**

Summary judgment is appropriate only if the moving party can demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322(1986); *see also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005). The moving party bears the initial burden of demonstrating the lack of any genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once a properly supported motion for summary judgment is made, the adverse party "must set forth specific

facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Estate of Simpson v. Gorbett*, 863 F.3d 740, 745 (7th Cir. 2017) (quoting *Anderson*, 477 U.S. at 248). In determining a summary judgment motion, the district court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted).

Pursuant to 42 U.S.C. § 1997e(a), prisoners are required to exhaust available administrative remedies prior to filing lawsuits in federal court. "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "[A]ll dismissals under § 1997e(a) should be without prejudice." *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004).

An inmate in the custody of the Illinois Department of Corrections must first submit a written grievance within 60 days after the discovery of the incident, occurrence or problem, to his or her institutional counselor, unless certain discrete issues are being grieved. 20 ILL. ADMIN. CODE § 504.810(a). If the

complaint is not resolved through a counselor, the grievance is considered by a Grievance Officer who must render a written recommendation to the Chief Administrative Officer —usually the Warden —within two months of receipt, "when reasonably feasible under the circumstances." *Id*. §504.830(e). The CAO then advises the inmate of a decision on the grievance. *Id.* An inmate may appeal the decision of the Chief Administrative Officer in writing within 30 days to the Administrative Review Board for a final decision. *Id.* § 504.850(a); *see also Dole v. Chandler*, 438 F.3d 804, 806–07 (7th Cir. 2006). The ARB will submit a written report of its findings and recommendations to the Director who shall review the same and make a final determination within 6 months of receipt of the appeal. 20 ILL. ADMIN. CODE § 504.850(d) and (e).

An inmate may request that a grievance be handled as an emergency by forwarding it directly to the Chief Administrative Officer. *Id.* § 504.840. If it is determined that there exists a substantial risk of imminent personal injury or other serious or irreparable harm, the grievance is handled on an emergency basis, which allows for expedited processing of the grievance by responding directly to the offender. *Id.* Inmates may further submit certain types of grievances directly to the Administrative Review Board, including grievances related to protective custody, psychotropic medication, and certain issues relating to facilities other than the inmate's currently assigned facility. *Id.* at § 504.870.

**B.     Review of the Report & Recommendation**

The Court's review of the Report is governed by 28 U.S.C. § 636(b)(1),

which provides in part:

> A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b) also directs that the Court must only make a *de novo* determination of those portions of the report and recommendation to which specific written objection has been made. *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). If no objection or only a partial objection is made, the Court reviews those unobjected portions for clear error. *Id.* In addition, failure to file objections with the district court "waives appellate review of both factual and legal questions." *Id.* Under the clear error standard, the Court can only overturn a Magistrate Judge's ruling if the Court is left with "the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997).

## IV.   Analysis

Defendant Shah, Wexford, and Martin seek summary judgment for Plaintiff's failure to exhaust administrative remedies. In the Report, Judge Daley ultimately found that Plaintiff exhausted his administrative remedies as to all defendants. In their responses, Defendants raise two objections to Judge Daley's findings.

First, Defendants argue that the Report incorrectly determined that Plaintiff's grievance involved an ongoing medical issue. Specifically, Defendants argue that:

> Plaintiff received treatment, i.e. his October 2016 surgery, after the alleged delay in medical treatment. *See* Exhibit A. Therefore, the surgery was treatment provided subsequent to the alleged deliberate indifference to Plaintiff's serious medical need, thus constituting an intervening action from which the grievance timeline begins to tick.

(Doc. 46, p. 3).

The Seventh Circuit has determined that "[d]eliberate indifference to a serious medical need is a continuing violation that accrues when the defendant has noticed of the untreated condition and ends only when treatment is provided or the inmate is released." *Jervis v. Mitcheff*, 258 F. App'x 3, 6 (7th Cir. 2007). In *Burt v. Harrington*, the court relied on *Jervis* and found that the plaintiff's October 2012 grievance was insufficient to exhaust his administrative remedies. Importantly, the court noted that "there is simply nothing in the grievance that suggests he was complaining that the Motrin 'never eliminated the excruciating pain'. . ." WL 468211, at *5 (S.D. Ill. Feb. 3, 2017).

In this case, unlike in *Burt*, Plaintiff clearly indicates in his grievance that he requests that his ongoing issues with his wrist be addressed. Specifically, Plaintiff alleges that he was told he would need a second surgery and his requested relief was that he receives the right treatment/surgery to repair his wrist. Therefore, as Judge Daley correctly found in the Report, Defendants have not met their burden in proving as an affirmative defense exhaustion of administrative remedies.

Defendants further argue that Plaintiff's grievance amounts to two separate and distinct grieved issues and should be analyzed as such. The Court rejects the above contention because Plaintiff's grievance clearly indicates that the alleged delay in treatment, the surgery, and Plaintiff's alleged ongoing pain arise from the same injury. Specifically, Plaintiff grieves that "[t]he delay in treatment has caused my wrist not to heal properly even after the surgery. My wrist and hand is still causing me pain . . . ." (Doc. 42, p. 16). As such, the Court finds that Plaintiff's grievance does not amount to two separate and distinct grieved issues that should analyzed as separate grievances.

Therefore, after *de novo* review, the Court finds that Judge Daley was correct in her denial of Defendants' motions for summary judgment.

### V. Conclusion

Accordingly, the Court **ADOPTS** the Report in its entirety (Doc. 44) and **DENIES** both Defendants Shah and Wexford's Motion for Summary Judgment for Plaintiff's Failure to Exhaust Administrative Remedies (Doc. 35) and Defendant Martin's Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies. (Doc. 39).

**IT IS SO ORDERED.**

Judge Herndon
2018.10.15
16:57:52 -05'00'

**United States District Judge**