IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TONY HICKMAN,<br><br>    **Plaintiff,**<br><br>v.<br><br>WEXFORD HEALTH SOURCES, INC.,<br>VIPAN SHAH, and PHIL MARTIN,<br><br>    **Defendants.** | Case No. 3:17-CV-939-NJR-RJD |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

On May 14, 2020, Plaintiff Tony Hickman filed in this Court a Motion (Doc. 87) which appears to again ask the Court to appoint counsel for Hickman and requests that the Court reconsider its Order of August 6, 2019, granting summary judgment to defendants (Doc. 82).

The Court previously declined to appoint counsel on March 20, 2018 (Doc. 34), and on October 23, 2018 (Doc. 57), in both instances finding that Hickman was competent to litigate the case. When presented with a request to appoint counsel, the Court must make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or effectively been precluded from doing so, and (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). Here, Hickman has again indicated unsuccessful attempts to recruit counsel. His written filing, however, is intelligible and he does not advance any

arguments supporting a finding of incompetence. Accordingly, the Court again declines to appoint counsel in this matter.

Plaintiff further asks the Court for reconsideration of its Order of August 6, 2019 (Doc. 82). Motions for reconsideration are only appropriate where the court has misunderstood a party, made a decision outside of the issues presented by the parties, made an error of apprehension, where a significant change in the law has occurred, or where significant new facts have been discovered. *Broaddus v. Shields*, 665 F.3d 846, 860 (7th Cir. 2011) (citing *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990)). Here, Hickman states that he has subsequently been examined by medical professionals who instructed him that "the prison should set me up with a plastic surgery because im [sic] going to need him [sic]."

While the Court regrets Hickman's problems with his wrist and his continuing difficulties finding appropriate medical treatment, the additional facts provided by Hickman do not support his claim in this action that defendants were deliberately indifferent to his serious medical needs. Accordingly, the Court must deny his request for reconsideration.

In conclusion, the Court **DENIES** Hickman's Motion for Reconsideration and to Appoint Counsel (Docs. 86, 87).

**IT IS SO ORDERED.**

**DATED:** July 16, 2020

*[signature: Nancy J. Rosenstengel]*

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**